UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 7 |
| JEFFERSON DEVELOPMENT, PARTNERS, LLC | ) ) ) | Case No. 14-10129-FJB |
| Debtor. | ) ) |  |

## TRUSTEE'S OBJECTION TO SECURED CLAIM OF CITY OF TAUNTON
*(Claim No. 9)*

Harold B. Murphy, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Jefferson Development Partners, LLC (the "Debtor"), hereby objects pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Massachusetts Local Bankruptcy Rules, to the allowance of the asserted secured claim [Claim No. 9] (the "Disputed Claim") of the City of Taunton (the "Claimant") on the grounds that the Trustee did not administer the property allegedly securing the Disputed Claim and the Claimant retains recourse to its collateral. In support of this objection, the Trustee avers as follows:

### BACKGROUND

1.  On January 15, 2014 (the "Petition Date") the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 11 of the Bankruptcy Code.

2.  A chapter 11 trustee was appointed in this case (the "Chapter 11 Trustee") pursuant to an order of the court on May 1, 2014.

3. The Chapter 11 Trustee made several unsuccessful attempts to sell the sole asset in this case, a certain real property located 437 Whittenton Street, Taunton, MA 02780 [Doc. Nos. 169, 190 205] (the "Property").

4. On June 10, 2015, the Trustee filed a Notice of Intent to Abandon with respect to the Property.

5. On June 10, 2015, the Chapter 11 Trustee filed an Expedited Motion to convert the case to one under Chapter 7 of the Bankruptcy Code, which was allowed by the Court on June 19, 2015.

6. The Trustee was appointed as Chapter 7 Trustee of the Estate on or about June 19, 2015.

7. On May 14, 2014, the Claimant filed a proof of claim asserting a claim in the amount of $503,817.31 that is fully or partly secured by a lien on the Property, which it asserts has a value of approximately $2.5 million. Claimant avers that the claim is partially secured up to $387,399.25, and that part of the remaining $86,419.16 might be secured by the Property, and further asserts that $29,998.90 is entitled to priority. On May 15, 2014, Claimant filed an amended proof of claim, attaching a Schedule B in support of its claim.

### OBJECTION

8. The Trustee has not administered the Property and has abandoned the Property. To the extent the Disputed Claim is secured by the Property, the Claimant may look to the Property for payment of the Disputed Claim.

9. <u>Recommended treatment</u>: The Trustee recommends that Claimant retain its interest in the Property and that the Disputed Claim be limited solely to that Property in payment of the Disputed Claim unless Claimant files an amended proof of claim prior to the response date

with respect to the Objection which establishes an unsecured deficiency claim and such amended claim is allowed. The Trustee further requests that the Court enter an order holding that the Disputed Claim, which is number 9 on the Court's Claims Register, be disallowed and expunged as a claim against the Estate.

## RESERVATIONS

10. This objection is subject to the following general objections and reservations:

    a. Nothing in this objection constitutes a waiver of any right of the Trustee to assert claims or causes of action against any claimant or any other party including, without limitation, any rights of setoff or recoupment.

    b. Nothing in this objection shall constitute a waiver of any right of the Trustee to object to any other claims asserted against the Debtor not included in the objection, or to supplement, amend, or assert additional bases for objecting to the Disputed Claim.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

A. Sustaining the objection to the Disputed Claim and expunge the Disputed Claim as a claim against the Estate; and

B. Granting such other relief as is just and proper.

>	HAROLD B. MURPHY,
>	CHAPTER 7 TRUSTEE
>
>	By his counsel,
>
>	/s/ Kathleen R. Cruickshank
>	Kathleen R. Cruickshank (BBO# 550675)
>	MURPHY & KING
>	Professional Corporation
>	One Beacon Street
>	Boston, MA  02110
>	Telephone: (617) 423-0400
>	Email: kcruickshank@murphyking.com

Dated: October 27, 2020
787109-v1